**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Yubel Karely RODRIGUEZ–
BELTRAN, Defendant–
Appellant.**

**No. 15–50418**

United States Court of Appeals,
Ninth Circuit.

Submitted October 25, 2016 *

Filed November 03, 2016

Ryan A. Sausedo, Helen H. Hong, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Stacie L. Patterson, Attorney, Law Office of Stacie L. Patterson, San Diego, CA, for Defendant–Appellant.

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

## MEMORANDUM **

Yubel Karely Rodriguez–Beltran appeals from the district court's judgment and challenges the 60–month sentence imposed following her guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rodriguez–Beltran argues that the district court erred in denying a minor role reduction to her base offense level under U.S.S.G. § 3B1.2(b). After Rodriguez–Beltran was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero–Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Among other things, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because we cannot determine from the record whether the district court considered all of those factors in determining whether Rodriguez–Beltran was entitled to a minor role adjustment, we vacate Rodriguez–Beltran's sentence and remand for resentencing under the Amendment. *See Quintero–Leyva*, 823 F.3d at 523–24.

**VACATED and REMANDED for resentencing.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.